IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Johnny Collins, | ) |
|             Plaintiff, | ) Civil Action No. 6:17-2292-TMC |
| vs. | ) **ORDER** |
| Administration of Veterans Affairs, | ) |
|             Defendants. | ) |

Johnny Collins ("Plaintiff"), proceeding *pro se*, filed this action pursuant to the Federal Tort Claims Act ("FTCA"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court grant the Administration of Veterans Affairs' ("Defendant") motion to dismiss. (ECF No. 16). The parties were advised of their right to file objections to the Report. (ECF No. 16-1). On March 14, 2018, Plaintiff filed an objection. (ECF No. 20).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of the portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's

1

conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff commenced this action on July 3, 2017, alleging that on April 22, 2017, a tree fell and damaged his truck. (ECF No. 1-1). Liberally construed, he sought an award of damages from Defendant for property damage, pursuant to the FTCA, in the amount of $7,580. *Id*. at 2. Under the FTCA, "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). A cause of action under the FTCA must be presented to the appropriate federal agency within two years after the claim accrues, and the tort suit must be begun within six months after the date of the final denial of the claim by the agency to which it was presented. *See* 28 U.S.C. § 2401(b). In order to "properly present" an administrative claim, the claimant must present the agency with (i) a completed Standard Form 95 (or other written notification of the incident) and (ii) "a claim for money damages in a sum certain . . . ." *Kokotis v. U.S. Postal Service*, 223 F.3d 275, 278 (4th Cir. 2000) (quoting 28 C.F.R. § 14.2(a)) (emphasis omitted). The burden of establishing subject matter jurisdiction over an FTCA claim lies with the plaintiff. *See Welch v. United States*, 409 F.3d 646, 650–51 (4th Cir. 2005).

In her Report, the magistrate judge recommends that the court grant Defendant's motion to dismiss. (ECF No. 16). The magistrate judge recommends dismissing the action to the extent that Plaintiff was attempting to bring a FTCA claim against any defendant other than the United States. (ECF No. 16 at 7) (citing *Starling v. United States*, 664 F. Supp. 2d 558, 570 (D.S.C. 2009) ("The cause of action created by the FTCA must be exclusively brought against the United States government.")); *see also Bates v. United States Gov't*, 3 F. Supp. 3d 1311, 1318 (S.D. Ala.

2014) ("The FTCA . . . does not authorize suits against federal agencies . . . ."). Moreover, the magistrate judge finds that Plaintiff failed to demonstrate that he submitted a Standard Form 95 to an appropriate agency or that a federal agency has issued a final determination on his claim. *Id*. at 7. Accordingly, the magistrate judge concludes that Plaintiff failed to exhaust his administrative remedies under the FTCA and failed to carry his burden of proving that the court has subject matter jurisdiction to review his claims. (ECF No. 16 at 9).

In his objection, Plaintiff fails to object to any specific or dispositive portion of the magistrate judge's Report. (ECF No. 20). Rather, he merely restates the allegation from his complaint and provides additional assertions of fact. (ECF No. 20 at 1). He argues that Tinsley Real Estate, the alleged management company for the property and alleged agent of the Administration of Veterans Affairs, was aware that the tree was dangerous and took no action. Plaintiff also asserts that he contacted the home owner's insurance company and sent pictures, but was informed that it was not responsible for the damages. Additionally, he attaches what appears to be a statement from Foster Tree Service regarding the fallen tree (ECF No. 20-1) and copies of emails containing photos with the subject lines "Damages," and "Damage car" (ECF No. 20-2). However, Plaintiff fails to allege any specific error in the magistrate judge's Report and does not allege or provide evidence that he presented a Standard Form 95 to the appropriate federal agency prior to commencing this action. Because the court agrees with the magistrate judge's analysis, the court adopts the Report and Plaintiff's general objection is overruled. *See Orpiano*, 687 F.2d at 47.

After a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report (ECF No. 16) and incorporates it herein. Accordingly, Defendant's

motion to dismiss (ECF No. 8) is **GRANTED** and Plaintiff's action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

May 1, 2018
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.